Scheuering v. SSA                        CV-02-418-M    07/25/03
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Gabriela Scheuering for
Brittany Scheuering,
      Claimant

      v.                                 Civil No. 02-418-M
                                         Opinion No. 2003 DNH 130
Jo Anne B. Barnhart,
Commissioner, Social
Security Administration,
      Respondent


                          **O R D E R**


      Pursuant to 42 U.S.C. § 405(g), Gabriela Scheuering for

Brittany Scheuering moves to reverse the Commissioner's decision

to award Social Security child's insurance benefits, under 42

U.S.C. § 402(d), prospectively only, from the date of Brittany's

application, and the Commissioner's decision not to nullify a

1993 award of child's insurance benefits to Myra Manalo, the

stepdaughter of Brittany's deceased father, Kevin Robertson.  The

Commissioner, in turn, moves for an order affirming her decision.

For the reasons given below, the decision of the Appeals Council

is affirmed, subject to certain modifications.

## Standard of Review

The applicable standard of review in this case provides, in pertinent part:

> The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

42 U.S.C. § 405(g). The court "must uphold a denial of social security disability benefits unless 'the [Commissioner] has committed a legal or factual error in evaluating a particular claim.'" Manso-Pizarro v. Sec'y of HHS, 76 F.3d 15, 16 (1st Cir. 1996) (quoting Sullivan v. Hudson, 490 U.S. 877, 885 (1989)).

## Background

On April 8, 1992, Kevin J. Robertson filed an application for Social Security disability insurance benefits in Pontiac, Michigan. (Administrative Transcript ("Tr.") at 128-31.) In his application, he listed Filipinas Manalo as his wife (stating the date and location of their wedding) and listed two children, Myra

2

Manalo and Catherine Robertson.[1]  (Tr. at 129.)  Two days later, Kevin filed an application for child's insurance benefits on behalf of Myra and Catherine.  (Tr. at 132-34.)

Kevin Robertson died on September 20, 1992.  (Tr. at 97.) His death certificate listed Filipinas as his surviving spouse. (Tr. at 95.)  A "Statement of Death by Funeral Director" completed on September 23, 1992, listed Filipinas as Kevin's widow.[2]  Kevin's obituary listed three daughters, Myra, Catherine, and Brittney Robertson.[3]  (Tr. at 97.)

From the date of Kevin's death, child's insurance benefits were paid to Myra and Catherine.  Necessarily, SSA determined that Myra was Kevin's child, within the meaning of the Social

---

[1] All agree that Myra is not Kevin's biological daughter and, thus, her eligibility for child's insurance benefits rests on her status as Kevin's stepdaughter.  Because the benefit at issue here is available equally to both biological children and stepchildren, the term "daughter" and "stepdaughter" are used interchangeably throughout this order.

[2] "Statement of Death by Funeral Director" is a form document promulgated by the Social Security Administration ("SSA").

[3] There is no dispute that the Brittney Robertson listed in the obituary is Brittany Scheuering, claimant in this case.

Security Act. (Tr. at 6.) That determination was made in 1993. (See Jt. Statement of Mat. Facts at 5; Tr. at 127.) However, the determination itself is not documented in the record.

One February 3, 1998, some five years after Myra was determined eligible for child's insurance benefits, a claim for the same type of benefits was also made on behalf of Brittany Scheuering. (Tr. at 61-63.) That claim was allowed, and, as a consequence, future benefits were split three ways, between Myra, Catherine, and Brittany. (Tr. at 64.) Gabriela Scheuering, on behalf of Brittany (her daughter), challenged SSA's decision, claiming that Myra, who had been receiving benefits since 1993, was not Kevin's stepdaughter, and not entitled to any benefits, because Kevin never married Myra's mother, Filipinas. By letter dated July 20, 1999, SSA ruled against claimant, finding that she had "submitted no substantial evidence that the stepdaughter [Myra] is not the stepchild of the worker [Kevin]." (Tr. at 86.)

Claimant requested a hearing before an ALJ, which was held on September 4, 2001, in Manchester, New Hampshire. Prior to that hearing, on August 15, 2001, the ALJ made Filipinas and Myra

4

(who were then living in Michigan) parties to the case and sent them notices of the hearing. They did not appear. In an order dated January 25, 2002, the ALJ ruled in claimant's favor. (Tr. at 14-17.) Among other things, the ALJ found that "Myra Manalo is not the stepchild of Kevin Robertson based upon the lack of substantial evidence verifying a valid ceremonial marriage between Filipinas Manalo and Kevin Robertson." (Tr. at 17.) Accordingly, the ALJ ruled:

> [T]he claimant is entitled to surviving child disability insurance benefits based upon the earnings record of her father, Kevin John Robertson, SSN ███ ███, commencing on September 30, 1992, under Section 202(d) of the Social Security Act. It is further the decision of the Administrative Law Judge that Myra Manalo is not entitled to receive surviving child disability insurance benefits under Section 202(d) of the Social Security Act. Another component of the Social Security Administration will determine the amounts owed to the claimant based upon her application date as well as any possible overpayments made for the benefit of Myra Manalo.

(Tr. at 17.)

Shortly after the ALJ issued his decision, SSA's Great Lakes Program Center ("GLPC"), which, presumably, administered Myra's benefits, wrote to the Office of Hearings and Appeals and

5

identified several perceived problems with the ALJ's decision. (Tr. at 126-27.) GLPC pointed out that: (1) the ALJ's decision deprived Myra of benefits without due process of law; and (2) the ALJ reopened the 1993 determination that Myra was entitled to benefits without first finding that the 1993 determination had been obtained by fraud or similar fault, as required by 20 C.F.R. § 404.988(c)(1).

By letter dated May 23, 2002, the Appeals Council informed the Scheuerings that it had "decided to reopen the hearing decision issued on January 25, 2002, . . . because a revised decision is necessary." (Tr. at 8.) In the body of a decision dated July 12, 2002, the Appeals Council explained:

> If Myra Manalo is not the biological child of the
> deceased wage earner, then, based on Exhibits 16 and
> 17, she is either his stepchild based on secondary
> evidence of a valid ceremonial marriage between her
> mother and the deceased wage earner in accordance with
> 20 C.F.R. § 404.725(c) or based on secondary evidence
> of a deemed valid marriage between them in accordance
> with 20 C.F.R. § 404.727(c), due to failure in
> recordation of the marriage. Therefore, the
> entitlement of Myra Manalo to child's insurance
> benefits on the record of the then disabled wage earner
> effective January 1991 which terminated effective May
> 1999 cannot be disturbed.

6

(Tr. at 6.)  The Appeals Council further explained that

Brittany's "entitlement to benefits . . . may be retroactive for

no more than six months prior to January 1998 . . . ."  (Tr. at

6.)  The Appeals Council also made the following relevant

findings:

> 3.    There is no legal or evidentiary basis to disturb
>       the entitlement of these other individuals [Myra
>       and Catherine] to benefits on the record of the
>       deceased wage earner.
>
> 4.    Brittany Scheu[e]ring is entitled to payment of
>       zero benefits for the months, prior to January
>       1998, for which she is entitled to child's
>       insurance benefits on the record of the deceased
>       wage earner, pursuant to section 202(j)(1), the
>       family maximum provision of the Social Security
>       Act.
>
> 5.    The benefit rate of Brittany Scheu[e]ring must be
>       calculated effective January 1998 through May 1999
>       based on there being three entitled beneficiaries
>       on the record of the deceased wage earner.

(Tr. at 7.)  Under the heading "Decision," the Appeals Council

stated:

> It is the decision of the Appeals Council that, under
> Section 202(j)(1) of the Social Security Act, payment
> of child's insurance benefits to the claimant for
> Brittany Scheu[e]ring is only due effective January
> 1998, the month in which her application was
> effectively filed, and continuing.

7

(Tr. at 7.)  The Appeals Council's decision effectively affirmed the ALJ's award of prospective benefits to Brittany, but reversed his award of retroactive benefits, and reversed his nullification of the 1993 award of benefits to Myra.  This appeal followed.

## Discussion

Claimant moves to reverse the decision of the Appeals Council, or to remand the matter to the ALJ, on grounds that: (1) the Appeals Council's decision to reopen was not timely; (2) the Appeals Council erroneously concluded that Myra Manalo was not afforded due process, thus no basis existed for reopening the ALJ's decision; (3) the Appeals Council's findings are legally and factually incorrect, because claimant established by competent evidence that Myra was not Kevin Robertson's child, within the meaning of the Social Security Act; (4) the ALJ's decision was proper and supported by substantial evidence; and (5) the proper remedy here, at most, would be remand, not reversal, to allow the ALJ to obtain additional evidence from Filipinas Manalo regarding her relationship with Kevin Robertson. Obviously, claimant does not seek to reverse the award of prospective benefits affirmed by the Appeals Council.  Rather,

8

she seeks to reverse the Appeals Council's decision not to nullify Myra's award of benefits – which effectively limited claimant to a one-third rather than a one-half share, and she seeks to reverse the Appeals Council's decision to deny her retroactive benefits.[4]  The Commissioner counters that the Appeals Council properly reopened the ALJ's decision, and properly declined to reopen the 1993 SSA determination that Myra Manalo was Kevin Robertson's daughter.

I.   The Appeals Council's Authority to Reopen the ALJ's Decision

The Appeals Council did not err when it reopened the ALJ's decision, even though it did so approximately 120 days after the decision was issued.  Under the provisions of 20 C.F.R. § 404.969(a), the Appeals Council has sixty days to review an ALJ's decision on its own motion.  See also Reagan v. Sec'y of HHS, 877

---

[4] As for the period of retroactivity, claimant offers no legal support for the proposition that she is entitled to benefits from the date of Kevin's death, and she appears no longer to press that claim.  Based upon her motion to reverse the Appeals Council's decision, claimant seems to accept the Appeals Council's ruling that the period of retroactivity goes back only six months prior to her date of application.  Because the family maximum benefit has already been paid out, claimant's only hope for recovery of retroactive benefits rests on reversing the Appeals Council's decision not to nullify Myra's award of benefits.

F.2d 123, 124 (1st Cir. 1989). After sixty days, an ALJ's decision becomes a final determination. Id. However, the Appeals Council "may reopen a final determination or decision on [its] own initiative . . ." 20 C.F.R. § 404.987(b). That is what happened here.[5] (See Tr. at 8.)

Here, the Appeals Council reopened the matter approximately four months after the ALJ's decision. Under the provisions of 20 C.F.R. § 404.988(a), a matter may be reopened "[w]ithin 12 months of the date of the notice of the initial determination, for any reason." Accordingly, there is no merit to claimant's argument that the Appeals Council failed to take this matter up in a timely manner. And because the Appeals Council was entitled to reopen the ALJ's decision "for any reason," whether Myra did or did not receive due process is immaterial; the Appeals Council was not required to find a due process violation as a precondition to reopening the ALJ's decision.

---

[5] At one time, the Court of Appeals for the First Circuit construed a previous version of 20 C.F.R. §§ 404.987-89 to bar the Appeals Council from reopening an ALJ's decision on its own initiative. See McCuin v. Sec'y of HHS, 817 F.2d 161, 175 (1st Cir. 1987). But subsequent revisions to 20 C.F.R. § 404.987 have effectively side-stepped McCuin.

## II. Adjudication of the 1993 Determination

Before the ALJ determined that Myra was not entitled to child's insurance benefits, he must necessarily have reopened the 1993 determination that she was entitled to such benefits. However, the ALJ made no reference to any legal authority warranting a reopening of the 1993 determination. If more than four years has elapsed since the Commissioner made a determination or a decision in a Social Security matter – as is the case here – that determination may only be reopened under specified circumstances. See generally 20 C.F.R. § 404.988(c). The only basis for reopening pertinent to this case is set out in § 404.988(c)(1), which allows a determination to be reopened, at any time, if it was "obtained by fraud or similar fault." The ALJ made no finding of fraud or similar fault. Therefore, he erred as a matter of law when he reopened the 1993 determination sub silentio. The Appeals Council similarly erred when it reached the merits of the 1993 determination, rather than simply reversing the ALJ's decision based upon the ALJ's unwarranted reopening of the 1993 benefits determination.[6]

---

[6] The Appeals Council's decision seems to dodge this issue. The GLPC correctly pointed out that the ALJ had reopened the 1993 determination without making the necessary finding of fraud or similar fault. But, the Appeals Council made no mention of the

Because the Appeals Council reached the correct result (leaving the 1993 determination intact), albeit on questionable grounds, that result is affirmed. However, those portions of the Appeals Council's decision dealing with the merits of the 1993 benefits determination are vacated. The Appeals Council's decision is affirmed rather than remand ordered because there is nothing in this record that even hints of fraud or similar fault attributable to Filipinas or Myra. Absent such a showing, the 1993 determination is not subject to reopening. Whether such a showing can be made will have to be taken up at another time in

legal authority under which it was considering the merits of the ALJ's decision, or under which it was reopening the 1993 determination itself to reach the merits.

The Commissioner argues that the Appeals Council did not reopen the 1993 determination and that its decision not to is unreviewable, because claimant does not argue that the 1993 determination infringed upon any of her constitutional rights. It would have been legally correct on this record for the Appeals Council to have not reopened the 1993 determination, or for it to have reversed the ALJ for having done so, but the Appeals Council actually did neither; it reached the merits of the 1993 determination.

While this court does not reach the merits, there being no demonstration of fraud or similar fault, it is worth noting, in passing, that even if the evidence Myra produced to prove her mother's marriage to Kevin barely qualifies as "convincing evidence of the marriage," 20 C.F.R. §§ 404.725(c) and 404.727(c), claimant has produced no reliable evidence that Filipinas and Kevin were not married. Claimant's evidence consists of two new affidavits from Kevin's parents that do little more than contradict an earlier set of affidavits, by them, that supported Myra's position.

12

another proceeding, during the course of which Myra will of course be afforded procedural and substantive due process.

## Conclusion

For the reasons given, claimant's motion (document no. 8) is denied, and the Commissioner's Motion for Order Affirming the Decision of the Commissioner (document no. 10) is granted, subject to the modification outlined above. The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

July 25, 2003

cc: Francis X. Quinn, Jr., Esq.
    David L. Broderick, Esq.

13